IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROCKIE RENEE HOY**, | Case No. 6:15-cv-2049-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on December 16, 2016. ECF 20. Judge You recommended that Defendant's conclusion that Plaintiff is not disabled and therefore not entitled to disability benefits be affirmed.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Plaintiff timely filed an objection. ECF 22. Plaintiff argues that the Findings and Recommendation erroneously concluded that Defendant's determinations regarding Plaintiff's subjective symptoms testimony and the opinions of Plaintiff's medical practitioners were supported by substantial evidence in the record. The Court has reviewed these issues *de novo*. The Court agrees with Judge You's reasoning finding that the administrative law judge's conclusions were supported by substantial evidence in the record.

Regarding Plaintiff's objections to the Findings and Recommendation's analysis regarding the opinion of Dr. Joshua Russell, M.D., the Court notes that although Plaintiff argues that there is "voluminous" evidence in the record supporting Plaintiff's contention that she has significant limitations from numbness and tingling in her right arm after her cervical spine surgery, Plaintiff cites mostly to medical records from before Plaintiff's surgery. The only medical records cited from after Plaintiff's surgery are Plaintiff's report a few weeks after surgery that she turned her head, heard "a pop," and began feeling tingling (AR 312), her report in September 2013 that she had tingling one time for 20 minutes while laying in bed (AR 383), and her report in December 2013 that she has suffered "intermittently" from right arm and hand numbness, tingling, and cramps for the last five to six months (AR 369). As the ALJ and Judge You noted, however, the clinical findings from Plaintiff's December 2013 visit were minimal. AR 371. Although Plaintiff's interpretation of the medical evidence as supporting a finding of limitations due to arm and hand numbness and tingling may be reasonable, the ALJ's interpretation of the overall medical record was a rational one and therefore must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this

Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004).

Regarding Plaintiff's remaining objections, the Court finds that the Findings and Recommendation appropriately considered and resolved Plaintiff's allegations of error.

## CONCLUSION

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 20. The Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence in the record and is AFFIRMED.

**IT IS SO ORDERED.**

DATED this 2nd day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge